Electronically Filed
Intermediate Court of Appeals
30278
25-APR-2011
11:20 AM

NO. 30278

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PETER KALANI BAILEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
HILO DIVISION
(CRIMINAL NO. 07-1-0386)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Peter Kalani Bailey ("Bailey") appeals from the December 10, 2009 Judgment of Conviction and Sentence ("Judgment") of the Circuit Court of the Third Circuit ("Circuit Court").[1] Bailey was convicted of four counts[2] of Attempted Sexual Assault in the First Degree of a person who is less than fourteen years old under sections 705-500[3] and 707-730(1)(b),[4] Hawaii Revised Statutes ("HRS"). Bailey received a

---

[1] The Honorable Glenn S. Hara presided.

[2] Bailey was charged with Sexual Assault in the First Degree for knowingly engaging in digital penetration (Count I), penile penetration (Count II), cunnilingus (Count III), and fellatio (Count IV) with a person who was less than fourteen years old.

[3]     (1)    A person is guilty of an attempt to commit a crime if the person:

    (a)    Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

    (b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

HAW. REV. STAT. § 705-500(1)(a)-(b) (1993).

[4]     (1)    A person commits the offense of sexual assault in the first degree if:

    . . . .

sentence of 20 years for his conviction on each count, to run concurrently with each other, and consecutively with the sentence imposed by the Circuit Court of the First Circuit in Criminal Case Number 52830.

On appeal, Bailey raises five points of alleged error. Bailey contends that the Circuit Court erred: (1) because there was insufficient evidence to support his conviction; (2) in denying his motion for a new trial based on juror misconduct that purportedly tainted the jury; (3) in seating an alternate juror after jury deliberations had already started; (4) because there was no rational basis for the court to instruct the jury on the included offenses of attempted sexual assault in the first degree; and (5) in denying his constitutional right to a public trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Bailey's appeal as follows:

(1) There was sufficient evidence to support Bailey's conviction. The minor victim ("Victim"), who was twelve years old at the time of trial, testified that on July 22, 2007, Bailey had sexually assaulted her in the four ways alleged in Counts I-IV. Victim's brother ("Brother") testified to seeing Victim and Bailey in the Church copy room in a state of undress, while Victim's uncle ("Uncle") testified to seeing Bailey performing oral sex on Victim in the copy room that evening.

Bailey admitted to being at the Church on the night of the alleged sexual assaults with an undressed Victim, to being confronted by Uncle, and to telling Uncle that he was sorry. Bailey said that he could not remember what happened at the Church until the moment when he was confronted by Uncle. Bailey told Detective Artienda that he knew that he had hurt Victim, her

---

(b)     The person knowingly engages in sexual penetration
        with another person who is less than fourteen years
        old[.]

HAW. REV. STAT. § 707-730(1)(b) (Supp. 2010).

2

family, and her friends, and that if he had the opportunity to do so he would tell Victim that he was sorry and that he wished it had never happened.

The fact that the jurors did not believe everything that the witnesses testified to does not prevent them from finding Bailey guilty of a lesser included offense. *See State v. Laurie*, 56 Haw. 664, 666-73, 548 P.2d 271, 274-78 (1976); *State v. Gager*, 45 Haw. 478, 480-85, 370 P.2d 739, 741-44 (1962).

(2) The Circuit Court did not abuse its discretion by denying Bailey's motion for a new trial because of juror misconduct. "As a general matter, the granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. The same principle is applied in the context of a motion for new trial premised on juror misconduct." *State v. Yamada*, 108 Hawai'i 474, 478, 122 P.3d 254, 258 (2005) (quoting *State v. Kim*, 103 Hawai'i 285, 290, 81 P.3d 1200, 1205 (2003)).

"[N]ot all juror misconduct necessarily dictates the granting of a new trial. A new trial will not be granted if it can be shown that the jury could not have been influenced by the alleged misconduct. [Hawai'i Rules of Penal Procedure] Rule 52(a)[5] directs that any error will be harmless and disregarded if it does not affect the substantial rights of the complaining party." *State v. Furutani*, 76 Hawai'i 172, 180, 873 P.2d 51, 59 (1994) (quoting *State v. Amorin*, 58 Haw. 623, 630, 574 P.2d 895, 900 (1978)) (ellipses omitted). In *Furutani*, the supreme court affirmed the circuit court's decision to grant a new trial because the defendant was deprived of a fair trial when jurors, who had given no indication on *voir dire* that they could not follow the court's instruction not to hold the defendant's failure to testify or otherwise present evidence against him, discussed his failure to testify and used it as a circumstance against him during deliberations.

---

[5]    **(a) Harmless error.** Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

Haw R. Pen. P. 52(a) (2006).

When a defendant in a criminal case claims that he has been deprived of the right to a fair trial by an impartial jury, "the initial step for the trial court to take . . . is to determine whether the nature of the [alleged deprivation] rises to the level of being substantially prejudicial." *Furutani*, 76 Hawai'i at 180, 873 P.2d at 59 (quoting *State v. Keliiholokai*, 58 Haw. 356, 359, 569 P.2d 891, 895 (1977)). If the trial court determines that the alleged deprivation could substantially prejudice the defendant's right to a fair trial, a rebuttable presumption of prejudice is raised, and "[t]he trial judge is then duty bound to further investigate the totality of circumstances surrounding the [alleged deprivation] to determine its impact on jury impartiality." *Furutani*, 76 Hawai'i at 181, 873 P.2d at 60 (quoting *State v. Williamson*, 72 Haw. 97, 102, 807 P.2d 593, 596 (1991)).

The Circuit Court followed the procedures required under *Furutani*, and ruled that the juror misconduct was harmless beyond a reasonable doubt. After hearing Juror 9's improper comment about Bailey's prior criminal conduct, the jurors themselves recognized that the discussion was inappropriate, stopped deliberating, and notified the judge. The jurors offered varying accounts of their recollection of what Juror 9 had said. The accounts ranged from a juror testifying that Juror 9 stated she thought Bailey had been convicted of murder and was on parole to another juror testifying that Juror 9 stated she had knowledge of a pending or past charge regarding Bailey.[6] Juror 9 herself testified that she told the other jurors that "'[Bailey's] been in trouble before . . . . From what I know, it was on a murder charge.'" After learning that Juror 9 had told other jurors about Bailey's prior criminal charges, the Circuit Court

---

[6]     Juror 8, for instance, testified that Juror 9 said that "she was affected by knowledge of a charge against the Defendant for attempted murder or something of that nature. She didn't elaborate into [sic] that." Juror 1, who was sitting next to Juror 9, said Juror 9 "was kind of mumbling. . . . And she's like well, you know, he's been in trouble before . . . . I heard he might be on parole, she's not sure. And something about murder came up. But she kind of mumbled that so I'm not exactly sure." Juror 2, on the other hand, recalled that he "heard [Juror 9] start to say something like, um, 'I know some of his background. I know some things that happened before.' And a few of us started to stick out our hands and say, 'No, no, no. No, no.' And she said something like, 'He's had a prior conviction,' or prior trouble."

instructed the jurors to stop deliberations, questioned each of the jurors, and allowed the parties to question each of the jurors.

Each of the jurors testified that they could disregard what Juror 9 had said about Bailey's prior criminal conduct and make their decision based on the facts. Furthermore, the Circuit Court replaced Juror 9, and it instructed the jurors to disregard Juror 9's statements that Bailey "at another time may have been convicted previously for other wrongful acts" and to begin deliberations anew. *See State v. Samuel*, 74 Haw. 141, 147-49, 838 P.2d 1374, 1378-79 (1992) (it is within the trial court's discretion to determine that introduction of prior conviction merits only a curative instruction to the jury).

Although Juror 9's comments regarding Bailey's prior criminal conduct and possibly being on parole at the time of the alleged sexual assault was prejudicial, there was overwhelming evidence implicating Bailey of the attempted sexual assaults in the first degree, including: (1) testimony from Victim; (2) testimony from two eyewitnesses; and (3) Bailey's own statements acknowledging that he was at the Church with a naked Victim, and that he had hurt Victim. *See Samuel*, 74 Haw. at 149, 838 P.2d at 1379 (prejudicial effect of improper reference to defendant's prior criminal history outweighed by prompt action of the trial judge and overwhelming evidence in support of the verdict).

The Circuit Court's conclusion that Bailey was not deprived of a fair trial by twelve impartial jurors presents a mixed question of fact and law because it is dependent upon the facts and circumstances of this particular case, and is therefore reviewed under the clearly erroneous standard. *Furutani*, 76 Hawaiʻi at 180, 873 P.2d at 59. Since the Circuit Court's conclusion was not clearly erroneous, we conclude the Circuit Court did not abuse its discretion in denying Bailey's motion for a new trial.[2]

---

[2] Although Bailey's point of error challenges the denial of his motion for a new trial, his argument refers to the Circuit Court's denial of his motion for mistrial. For the same reasons that we affirm the Circuit Court's denial of Bailey's motion for a new trial, we conclude that the Circuit Court did not abuse its discretion in denying his motion for mistrial.

(3) The Circuit Court erred in seating the alternate juror after the jury had retired to consider its verdict. Haw. R. Pen. P. 24(c);[8/] *State v. Wideman*, 69 Haw. 268, 269, 739 P.2d 931, 932 (1987) (an alternate juror, replacing an original jury member after deliberations have begun "is subject to potential undue pressure from the original jury members"). The error, however, was harmless.

In *Wideman*, the supreme court concluded that the juror substitution in that case was not harmless, noting "the conflicting testimony between Wideman and the victim, the jury being deadlocked during much of its deliberations, and the lack of an instruction to the new jury to begin its deliberations anew[.]" *Id.* at 270, 739 P.2d at 932.

The instant case is markedly different. Addressing the *Wideman* criteria: (1) Bailey's comments did not conflict with those of the victim or the witnesses; (2) the jury gave no indication of being deadlocked; and (3) the Circuit Court instructed the jury to disregard prior deliberations and to begin its deliberations anew. In addition: (4) when the alternate jurors were dismissed, they were warned that they might be called back and that they should not discuss the case with anyone, read related media accounts, or further investigate the case; (5) the jury had deliberated for less than five hours before contacting the Circuit Court and halting its deliberations; (6) before seating the alternate juror, the Circuit Court had questioned the alternate jurors about whether they had been exposed to any information about the case, and they indicated that they had not; and (7) after the alternate juror was seated, the jury deliberated for approximately three days before returning a verdict.

---

[8/] **Alternate jurors.** The court may direct that not more than 4 jurors in addition to the regular jury be called and impaneled to sit as alternate jurors who shall, in the order in which they are called, replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. *An alternate juror who does not replace a regular juror shall be discharged when the jury retires to consider its verdict. . . .*

Haw. R. Pen. P. 24(c) (2006) (emphasis added).

The Circuit Court's decision to seat an alternate juror after jury deliberations had begun, under the circumstances, was erroneous, but harmless beyond a reasonable doubt.

(4) The Circuit Court properly instructed the jury on the lesser included offense of attempted sexual assault in the first degree.

The Hawaiʻi supreme court has held that "trial courts must instruct juries as to any included offenses when 'there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense,'" and subsequently concluded that a better rule is that "trial courts must instruct juries on all lesser included offenses as specified by HRS § 701-109(5)[.]"[9] *State v. Haanio*, 94 Hawaiʻi 405, 413-14, 16 P.3d 246, 254-55 (2001) (quoting HRS § 701-109(5) (1993)).

In *State v. Behrendt*, the supreme court held that the State's evidence that multiple acts of sexual penetration had occurred between the defendant and the victim supported a jury instruction on the lesser included offense of third degree sexual assault. 124 Hawaiʻi 90, 108-10, 237 P.3d 1156, 1174-76 (2010). In *Behrendt*, the victim testified that she had been sexually penetrated by the defendant on more than one occasion. The jury was instructed on the crime of first degree sexual assault and the lesser included offense of third degree sexual assault. In holding that the latter instruction was appropriate, the court reasoned that rational jurors could have inferred from the victim's testimony that sexual contact had occurred beforehand. *Id.* at 108-10, 237 P.3d at 1174-76.

Similarly, in this case, the jury could have reasonably inferred, based on the testimony from Victim and Uncle, that attempts to commit first degree sexual assault in Counts I-IV had occurred. Additionally, evidence that Victim could only feel

---

[9]     The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.

HAW. REV. STAT. § 701-109(5) (1993).

what was happening because the lights were off, and the conflict between the testimony of Victim and Uncle regarding the particular act of sexual assault that was occurring when Uncle turned on the light, casts some doubt on which, if any, acts of penetration occurred. However, the testimony from Victim, Uncle, Brother, and statements from Bailey himself are all consistent regarding Bailey's presence at the Church with a naked Victim. The witness testimony, therefore, supported a jury instruction of attempted sexual assault in the first degree.

Finally, to the extent that the Circuit Court erred in failing to instruct the jury on attempted sexual assault in the third degree, such error is harmless because Bailey was convicted of attempted sexual assault in the first degree on all four counts. *See Haanio*, 94 Hawai'i at 415, 16 P.3d at 256.

(5) The Circuit Court did not deny Bailey his constitutional right to a public trial. Bailey's argument that his conviction must be vacated because the courtroom was closed to the public for up to half a day during individual *voir dire* of the prospective jurors does not fairly characterize the evidence. Bailey was unable to establish how long the courtroom door was locked; only that it was found to be locked at or about 4:30 p.m. No one could testify for how long before or after, or if at all, the door remained locked.

The facts here are comparable to those in *State v. Swanson*, 112 Hawai'i 343, 145 P.3d 886 (App. 2006), where we rejected a similar claim when the jury returned its verdict after normal business hours, when the courthouse was closed to the public:

> We conclude, finally, that Defendant's constitutional rights to a public trial were not implicated when the jury returned its verdict after normal business hours, when the courthouse was closed to the public, because the closure "was too trivial to implicate the [constitutional] guarantee[s.]" *United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003). We are loath to deploy the *Waller/Ortiz* "automatic reversal" artillery where the profound policies to be protected did not need protection. We do not believe the right to a public trial is a trivial thing, far from it, but we cry wolf only when we see one.

*Swanson*, 112 Hawai'i at 355, 145 P.3d at 898 (footnote omitted). "Absent 'some affirmative act by the trial court meant to exclude persons from the courtroom[,]' *United States v. Al-Smadi*, 15 F.3d

153, 154 (10th Cir. 1994), or at least a timely objection," *Swanson*, 112 Hawai'i at 355 n.7, 145 P.3d at 898 n.7, Bailey's claim under the circumstances is insufficient to implicate his constitutional right to a public trial.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on December 10, 2009, in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 25, 2011.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Michael S. Kagami,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge